367 S.E.2d 767

**COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR**

**v.**

**Marla Zelene HARMAN.**

**No. 18226.**

Supreme Court of Appeals of West Virginia.

March 31, 1988.

Jack M. Marden, Sherri Goodman Dusic, W.Va. State Bar, Charleston, for Committee on Legal Ethics.

Ross Maruka, Fairmont, for Marla Zelene Harman.

PER CURIAM:

This action is a disciplinary proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar (hereinafter the Committee) against Marla Zelene Harman, a member of the Bar. The Committee has recommended that this Court publicly reprimand Ms. Harman (hereinafter the respondent).

The Committee has charged the respondent with violating DR1–102(A)(4), (5), and (6) of the West Virginia Code of Professional Responsibility which provides:

DR1–102—Misconduct—(A) a lawyer shall not: (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; (5) Engage in conduct that is prejudicial to the administration of justice; (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

The Committee alleges that the respondent conspired with a client who was incarcerated to obtain a "dime bag" of marijuana for use by the client, and that in so doing, the respondent was guilty of professional misconduct reflecting on her fitness to practice law in violation of DR1–102(A)(6).

■ We note initially that we have traditionally placed the burden on the Committee to prove its charges against an attorney by full, preponderating, and clear evidence. As we stated in Syllabus Point 1 of *Committee on Legal Ethics v. Lewis*, 156 W.Va. 809, 197 S.E.2d 312 (1973):

"In a court proceeding prosecuted by the Committee on Legal Ethics of the West Virginia State Bar for the purpose of having suspended the license of an attorney to practice law for a designated period of time, the burden is on the Committee to prove by full, preponderating and clear evidence the charges contained in the complaint filed on behalf of the committee."

*See also*, Syllabus Point 1, *Committee on Legal Ethics v. Tatterson*, 173 W.Va. 613, 319 S.E.2d 381 (1984); Syllabus Point 1,

*Committee on Legal Ethics v. Pence*, W.Va., 216 S.E.2d 236 (1975).

■ From a review of the record and exhibits, we find that the Committee has met this burden. There are no major conflicts in the evidence. We said in Syllabus Point 3, in part, of *In Re Brown*, 166 W.Va. 226, 273 S.E.2d 567 (1980) as follows:

"Absent a showing of some mistake of law or arbitrary assessment of the facts, recommendations made by the State Bar Legal Ethics Committee ... are to be given substantial consideration."

■ Without dispute, the facts show that in the course of an attorney-client visit at the Marion County jail, the respondent received two five-dollar bills from her inmate client for the ostensible purpose of obtaining a "dime-bag" of marijuana for the client. Although the respondent may have later realized that she could not agree to the client's request, she did not return the funds to the client. As a result of a telephone call with the client a few days later, the respondent was apparently permitted to retain the funds with a view to possibly obtaining the marijuana. While we do not address the legality of the matter in this opinion, this telephone call was apparently recorded. There is no evidence to indicate that the respondent ever made any serious effort to purchase the marijuana.

The respondent was arrested several days later upon a felony warrant that charged her under *W.Va. Code*, 61–10–31 [1971], with conspiring to deliver marijuana. On May 27, 1986, pursuant to a written plea bargain, the respondent entered a guilty plea in the Circuit Court of Marion County to an information charging her with conspiring to possess marijuana "... in violation of West Virginia Code section 60A–4–401(c) ..." This information was based upon the misdemeanor provisions of *W.Va. Code*, 61–10–31 [1971]. On August 25, 1986, the Circuit Court of Marion County ordered the respondent to pay a fine in the sum of $500.00 and costs in the sum of $165.00 and ordered her placed on probation for one year. We note that the re-

**300**

spondent has successfully completed her probation.

In the aftermath of these circumstances, the respondent voluntarily removed herself from the practice of law for a year or more. During this period, the respondent returned to her parent's home in Pendleton County where she worked on their farm and became involved in certain charitable activities. The respondent has recently resumed a law practice in Franklin, and the record suggests she is in good standing with the Bench and Bar in that area. The record would also suggest that the respondent is more than contrite about her misconduct and regrets the nature of her misdeeds.

We believe that while the respondent has taken serious steps to improve her professional judgment, the foregoing facts show professional misconduct warranting a public reprimand. Furthermore, in addition to being publicly reprimanded, we believe the respondent should pay the costs of this proceeding. Costs have been assessed in similar cases in the past. *See, Committee on Legal Ethics v. White,* 176 W.Va. 753, 349 S.E.2d 919 (1986).

We conclude that the respondent's actions with her client involve a serious violation of the Code of Professional Responsibility. We defer to the committee's recommendation that respondent need not be suspended or disbarred and agree to the Committee's recommendation of a public reprimand as the appropriate sanction. The respondent is also ordered to reimburse the Committee for the actual and necessary expenses incurred by it in connection with this proceeding.

Public Reprimand.